655 So.2d 1115 (1995)
STATE of Florida, Petitioner,
v.
Joyce MOZO and Edgardo Mozo, Respondents.
No. 83464.
Supreme Court of Florida.
April 13, 1995.
Rehearing Denied June 12, 1995.
Robert A. Butterworth, Atty. Gen., and Joan Fowler and Carol Cobourn Asbury, Asst. Attys. Gen., West Palm Beach, for petitioner.
J. David Bogenschutz, Bogenschutz & Dutko, P.A., Kevin J. Kulik, Law Offices of Kevin J. Kulik, Fort Lauderdale, for respondents.
WELLS, Justice.
We have for review Mozo v. State, 632 So.2d 623 (Fla. 4th DCA 1994), a decision of the Fourth District Court of Appeal that expressly construes a provision of the Florida Constitution. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The question involved in the instant cause is whether the nonconsensual interception of cordless phone conversations without prior judicial approval violates the Florida Security of Communications Act, chapter 934, Florida Statutes (1991), as well as the constitutional rights of privacy granted under sections 12 and 23 of the Florida Constitution.
This is a factual situation which began on June 20, 1991, when detectives of the Plantation Police Department were in the area of the Harbor Town apartment complex using an electronic scanning device to monitor private telephone calls. The district court found that the detectives' goal was to use the scanning device to scan frequencies at random hoping to come across some kind of illegal activity. The scanner, made by Realistic, *1116 was purchased at Radio Shack on June 17, 1991. The purchase of this device was approved for the express purpose of monitoring cordless phone calls.
On the night of June 20, the detectives intercepted numerous phone calls, including a phone call in which a female named "Joyce" was speaking to an unidentified male by cordless telephone. The male asked Joyce if "she had the same stuff that she had last night." Joyce then turned away from the receiver and asked an unidentified person, "Do you have the same stuff as last night?" Joyce then responded into the receiver, "No, just has powder. No rock." The detectives continued to monitor the same frequency throughout the evening, eventually gathering information aiding them in visually surveilling the apartment from which the calls were coming. The apartment was rented to respondent Edgardo Mozo, and he resided there with respondent Joyce Mozo. The detectives continued to monitor the same frequency and began to tape record the intercepted phone conversations. At no time during these events did the officers attempt to obtain a court order to continue to monitor the frequency. The detectives testified that the reason they did not obtain such an order was because they believed that Florida's Security of Communications Act, chapter 934, Florida Statutes (1989), did not apply, and therefore, they were entitled to intercept cordless phone conversations without one.
After following the same procedures for one more day, the detectives, reciting the above information as well as the observation that a pattern of people seemed to arrive at the apartment and leave shortly thereafter, obtained a search warrant. The detectives executed the warrant and recovered an extensive list of physical evidence, including several contraband items.
The record is devoid of any description of the Mozos' cordless phone or how it operates, although the record does indicate there is a sticker on the bottom of the base unit containing the following statement:
This cordless telephone system operates on the part 1568 FCC Rules. Privacy of communication may not be insured when using this phone. Operation is subject to two conditions: 1. it may not interfere with radio communications. 2. it must accept any interference received including that which may cause undesirable operation. Complies with parts 1568 FCC Rules, FCC registration number.
There is no evidence indicating the Mozos' knowledge of this sticker.
The Mozos were arrested and informed against for possession of cocaine, possession of cannabis, and possession of drug paraphernalia. They moved to suppress evidence seized from their home in a search and claimed the search resulted from the government's illegal interception of private telephone calls in their home. The motion was denied. The Mozos subsequently pled nolo contendere but reserved the right to appeal the court's ruling because a contrary ruling on the legal issue involved would be dispositive of the State's case against them.
The Mozos appealed to the district court contending that the nonconsensual interception of Mrs. Mozo's phone conversations without prior judicial approval violated the Florida Security of Communications Act as well as their constitutional rights of privacy. Justice Anstead, then a judge of the Fourth District Court of Appeal, wrote an extensive opinion supporting the majority's decision to reverse the trial court's ruling in respect to the motion to suppress.[1] The majority's decision was that chapter 934, Florida Statutes, did not apply but that the interception of the telephone calls was in violation of article 1, sections 12 and 23 of the Florida Constitution.
We approve the decision of the district court to reverse respondents' convictions and remand for further proceedings. However, we hold that oral communications conducted over a cordless phone within the privacy of one's own home are protected by Florida's Security of Communications Act, chapter 934, Florida Statutes (1991). We agree with Judge Farmer's concurring opinion to the district court's majority decision in respect to the applicability of the statute and *1117 adopt that portion of Judge Farmer's opinion.
"Oral communication" intended to be protected by chapter 934 is defined by section 934.02(2) as:
[A]ny oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.
The actual "interception" of a communication occurs not where such is ultimately heard or recorded but where the communication originates. See United States v. Nelson, 837 F.2d 1519 (11th Cir.), cert. denied, 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 58 (1988). Here, the "intercepted" conversations originated within the Mozos' home and thus exhibited the required expectation of privacy demanded by section 934.02(2). It is a well-established principle that citizens are guaranteed a reasonable expectation of privacy in their own home. See U.S. Const. amend. IV; Art. I, §§ 12, 23, Fla. Const. "The State's interest in protecting the wellbeing, tranquility, and privacy of the home is certainly of the highest order in a free and civilized society." Carey v. Brown, 447 U.S. 455, 471, 100 S.Ct. 2286, 2296, 65 L.Ed.2d 263 (1980). Therefore, having determined that oral communications occurring in a citizen's home justify an expectation that such communication is not subject to interception, we conclude that the interception of these cordless phone communications which originated within the Mozos' home violated Florida's Security of Communications Act, chapter 934, Florida Statutes (1991).
Although this Court acquires jurisdiction by virtue of the district court's ruling that expressly construes a provision of the Florida Constitution, we adhere to the settled principle of constitutional law that courts should endeavor to implement the legislative intent of statutes and avoid constitutional issues. State ex rel. City of Casselberry v. Mager, 356 So.2d 267 (Fla. 1978); see Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641 (Fla. 1944). Therefore, by reason of our decision that chapter 934, Florida Statutes, is applicable, we do not reach the constitutional issues.
Accordingly, we remand the cause to the trial court for further proceedings consistent herewith.
It is so ordered.
OVERTON, SHAW, and KOGAN, JJ., concur.
GRIMES, C.J., concurs with an opinion, in which HARDING, J., concurs.
HARDING, J., concurs in result only.
ANSTEAD, J., recused.
GRIMES, Chief Justice, concurring.
I cannot agree that the provision of Florida's Security of Communications Act is applicable to the interception of cordless telephone communications. As explained by Justice Anstead in his opinion below, because cordless telephone communications are expressly excluded from the definition of electronic communications, it makes little sense to construe the definition of oral communications as including cordless telephone communications. Further, the Florida Act was patterned after federal legislation, and it is clear from the legislative history that Congress intended to exclude cordless telephone communications from the purview of the federal Act.
Notwithstanding, I concur with the decision that the cordless telephone conversation emanating from the Mozos' apartment was illegally intercepted in violation of Florida's constitutional right of privacy. Art. I, § 23, Fla. Const. In this respect, I adopt Justice Anstead's analysis of the issue.
HARDING, J., concurs.
NOTES
[1] Justice Anstead has recused himself from the consideration of the case in this Court.