693 So.2d 657 (1997)
STATE of Florida, Appellant,
v.
Roger STOUT, Appellee.
No. 96-0984.
District Court of Appeal of Florida, Fourth District.
May 7, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, William A. Spillias and David M. Schultz, Assistant Attorneys General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellee.
DELL, Judge.
The state appeals the trial court's non-final order granting a motion to suppress a taped telephone conversation between Roger Stout (appellee) and Tammy Garren, Stout's former girlfriend's daughter. The state contends the trial court erred when it concluded that article I, section 23 of the Florida Constitution required the police to obtain an order of authorization pursuant to section 934.07, Florida Statutes (1993) prior to the interception of the telephone conversation. We reverse the trial court's order suppressing the taped telephone conversation.
Stout faces ten counts of sexual battery involving Garren when she was eleven years old or younger. The alleged sexual batteries occurred more than ten years before Garren, a Georgia resident, contacted and informed Detective Don Scarborough of the Broward County Sheriff's Office of the alleged incidents. Detective Scarborough requested and Garren consented to calling Stout, who lived in Fort Lauderdale, to engage him in conversation about the alleged sexual contacts in hopes that Stout would incriminate himself. Garren consented to having the conversation recorded by Georgia law enforcement officials. Prior to the telephone call, police made no attempt to obtain judicial authorization for the interception and recording of the conversation. A transcript of the conversation was submitted as evidence during the motion to suppress hearing.
Section 934.03 (2)(c), Florida Statutes (1993) provides:
It is lawful under ss. 934.03-934.09 for an investigative or law enforcement officer or a person acting under the direction of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
The trial court found that the interception and recording in the instant case were permitted under section 934.03(2)(c) because Garren was a consenting party and she was *658 acting at the direction of a law enforcement officer. However, the court concluded:
The Court finds that the Defendant had a reasonable expectation of privacy that the police would not intercept and record telephone conversations taking place in the sanctity of his own home, and that this expectation of privacy is one that society is willing to recognize as reasonable.
....
The court finds that the procedural requirements under Article I, Section 23, for an interception and recording of the Defendant's telephone conversation in his own home, as are set forth in Shaktman v. State, [553 So.2d 148 (Fla.1989)] have not been met. At a minimum, the second prong set forth in that case, includes a court authorization prior to the interception, which must be in accord with the procedure set forth in Fla.Stat. 934.07, for obtaining a court-ordered interception. In this case, the police failed to follow this procedure, prior to intercepting and recording the Defendant's telephone conversation. This court must also note, that by the Florida Legislature not including sexual battery as a crime for which a court ordered intercept may be obtained under ss. 934.07, that the Legislature is clearly indicating that police cannot obtain authorization from a court of competent jurisdiction, to conduct an interception to gather evidence of this crime.
....
That this court finds that under the facts of this case, that the provisions of Fla.Stat. 934.03(2)(c), which permits Ms. Garren to authorize the police to intercept and record her telephone conversation with the Defendant at his home, are in conflict with the procedural demands of Article I, Section 23 of the Florida Constitution, which require that prior to the interception, that the police obtain court authorization pursuant to the requirements of 934.07.
The state correctly argues that the trial court misplaced its reliance on Shaktman. Shaktman involved the use of a pen register device on Shaktman's telephone to trace the numbers dialed. The police installed the pen register pursuant to court order. The trial court denied a motion to suppress the evidence obtained from the pen register and the Third District Court of Appeal affirmed. The supreme court concluded that the state had satisfied the burden of justifying the intrusion on Shaktman's privacy by demonstrating that the act served a compelling state interest and the state accomplished its goal with the use of the "least intrusive means." Shaktman addressed the relationship of the expectation of privacy as provided under article I, section 23 of the Florida Constitution as it applied to the use of a pen register device. Shaktman did not discuss whether article I, section 23 applied to telephone conversations taped with the consent of one of the parties as provided in section 934.03(2)(c), Florida Statutes (1993).
In Barr v. State, 659 So.2d 370 (Fla. 5th DCA 1995), rev. denied, 667 So.2d 774 (Fla. 1996), the Fifth District Court of Appeal, on facts similar to those before us, concluded:
[T]hat the trial court properly admitted the audiotape of a telephone conversation Barr held with his daughter because it was taped under the direction of a law enforcement officer as permitted by paragraph 934.03(2)(c), Florida Statutes (1993). We likewise find Barr had no reasonable expectation of privacy under article I, section 23 of the Florida Constitution. See Franco v. State, 376 So.2d 1168 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 636 (Fla. 1980).
Id. at 371. In Franco, the Third District Court of Appeal reasoned that:
A wrongdoer who voluntarily speaks to another of his wrongdoings, only has the hope or expectation, not a constitutionally protected right, that the other person will not breach his confidence and testify as to the contents of their conversations. It logically follows then that recordings of such communications should be and are admissible after the individual in whom the accused has confided has testified (both as to his consent and the contents of his discussion) in that in the search for the truth it is by far the most reliable evidence possible.
Id. at 1170.
Accordingly, we hold that the interception here complied with the requirements of *659 section 934.03(2)(c) and that Stout had no reasonable expectation of privacy in his telephone conversation with Garren. We reverse the trial court's order granting Stout's motion to suppress the recording of the telephone conversation and remand this cause for further proceedings.
REVERSED and REMANDED.
PARIENTE and SHAHOOD, JJ., concur.