731 So.2d 819 (1999)
Ricardo THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2267.
District Court of Appeal of Florida, Fifth District.
April 30, 1999.
Tony Hernandez, III, Cape Canaveral, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
A jury found Ricardo Thompson guilty of committing two counts of sexual battery upon a child less than twelve years of age[1] and one count of committing a lewd, lascivious, or indecent assault upon a child less than sixteen years of age.[2] Mr. Thompson appeals his judgments and sentences contending the trial court erred in admitting into evidence a recording of a telephone conversation between himself and the victim. We affirm.
The child victim told police that between October 1995 and December 1996 she had engaged in numerous sexual acts with Mr. Thompson while he was working as a minister at the Titusville Calvary Church of *820 the Nazarene. The victim was eleven years' old when the first incident occurred and twelve years old on the date of the last incident. In December 1996, Mr. Thompson moved to Illinois.
With the permission of the victim's mother and the victim, the police arranged to record telephone conversations between the victim and Mr. Thompson. The victim placed two calls from the police department to Mr. Thompson at his home and at his work. During both calls Mr. Thompson stated that he was unable to speak with the victim but that he would call her back later at her home. Mr. Thompson called the victim at home and during his conversation with her he made several incriminating statements. The statements indicated that he had engaged in numerous sexual acts with the victim, including sexual intercourse. The police recorded this conversation.
The state later charged Mr. Thompson with seven counts of lewd, lascivious, or indecent acts upon a child less than sixteen years of age, and eight counts of sexual battery on a child less than twelve years of age. Mr. Thompson filed a motion to suppress the telephone recording alleging the recording was inadmissible at trial because the police had failed to comply with an Illinois statute that requires notification to the Illinois State Attorney before such a recording is made.[3] He argued that Illinois law governs the admissibility of this recording because the telephone call originated in Illinois. See State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995) (holding that interception of an electronic communication occurs where the communication originates); see also United States v. Nelson, 837 F.2d 1519 (11th Cir.), cert. denied, 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 58 (1988). According to Mr. Thompson, the state was barred from using the recording as evidence in his prosecution because the Titusville police department failed to give notice to the State Attorney in the county where Mr. Thompson lived that a telephone conversation between him and the victim was going to be recorded. The trial court denied the motion to suppress and the recording was played during Mr. Thompson's trial. We affirm.
The communication at issue here was recorded by a law enforcement officer with the consent of the victim as authorized by section 934.03(2)(c), Florida Statutes (1995), which provides:
934.03 Interception and disclosure of wire, oral, or electronic communications prohibited.-
* * *
(2)(c) It is lawful under ss. 934.03-934.09 for an investigative or law enforcement officer or a person acting under the direction of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
Recordings obtained under this statute are admissible if a party to the communication consented to its recording. See State v. Tsavaris, 394 So.2d 418 (Fla.1981). Mr. Thompson called the victim's residence and spoke with her. It is undisputed that both the victim and the victim's mother consented to the recording of the communication; therefore, the trial court did not err in admitting this evidence.
The rulings in Mozo and Nelson are not controlling because both cases involved the interception of private conversations by the police without the consent of any of the parties. In Mozo, the police intercepted a conversation on a cordless telephone using an electronic scanning device, see 655 So.2d at 1115, and Nelson involved a conventional police wire tap. See 837 F.2d at 1519. In Mozo, our supreme *821 court held that "oral communications conducted over a cordless phone within the privacy of one's own home are protected by Florida's Security of Communications Act, chapter 934, Florida Statutes (1991)." 655 So.2d at 1116. In Nelson, the court addressed the territorial jurisdiction of a Florida circuit judge to issue an order permitting the wire tap. 837 F.2d at 1526. The court concluded that the wire tap was valid because it was installed within the judge's circuit even though the communication was transmitted and recorded at a location in another circuit because communications are intercepted where they are "initially obtained." Id. at 1527. Importantly, the communication in the instant case was neither the result of a wire tap nor an interception of a cordless telephone conversation without consent, both of which implicate the right to privacy under Article I, section 23 of the Florida Constitution.
In closing, we also note that Mr. Thompson did not have a right to privacy in his telephone conversation with the victim because a "`wrongdoer who voluntarily speaks to another of his wrongdoings, only has the hope or expectation, not a constitutionally protected right, that the other person will not breach his confidence....'" State v. Stout, 693 So.2d 657, 658 (Fla. 4th DCA 1997) (quoting Franco v. State, 376 So.2d 1168, 1170 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 636 (Fla.1980)).[4]
JUDGMENTS and SENTENCES AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] § 794.011(2)(a), Fla. Stat. (1995).
[2] § 800.04(3), Fla. Stat. (1995).
[3] See 720 ILL. COMP. STAT. 5/14-3(g) (WEST 1997).
[4] Mr. Thompson's other argument on appeal is also without merit.