VAN NORTWICK, J.
G.G. appeals a final summary judgment entered in favor of the Florida Department of Law Enforcement (FDLE), appel-lee, in her action seeking declaratory and injunctive relief. In her complaint, G.G. alleged that, by treating her confidential juvenile record as a public record and making it available to the public, FDLE violated the confidentiality requirements of section 985.04(1), Florida Statutes (2006); violated her right to privacy under article I, section 23 of the Florida Constitution; and violated her right to due process under article I, section 9 of the Florida Constitution. In the order under review, the trial court ruled that section 943.053(3), Florida Statutes (2006), creates an exception to the confidentiality established for juvenile criminal history records by section 985.04(1), and that FDLE had complied with the applicable statutes by making appellant’s arrest record available to the public. We hold that appellant, whose offense did not meet the requirements of section 985.04(2), Florida Statutes (2006), was entitled to confidential treatment of her juvenile criminal records. Accordingly, we reverse and remand for further proceedings. We do not address G.G.’s constitutional challenges to the actions of FDLE. State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995) (adhering to “settled principle of constitutional law that courts should endeavor to implement the legislative intent of statutes and avoid constitutional issues.”).
The Miami Beach Police Department arrested G.G. in 2006 when she was thirteen years old for allegedly stealing a can of soda, charging her with petit theft under section 812.014(3)(a), Florida Statutes (2006). Several weeks after the incident, G.G.’s attorney paid $23 to conduct a “Criminal History” public records search on FDLE’s website, which returned a record for appellant that included the petit theft arrest information. Thereafter, she filed the action that is the subject of this appeal.
Chapter 985 of the Florida Statutes governs Florida’s juvenile justice system. Section 985.04 governs the treatment of the records and other information obtained or created under chapter 985. Section 985.04(1) establishes the confidential treatment afforded information relating to juveniles and provides, in pertinent part, as follows:
(1) Except as provided in subsections (2), (3), (6), and (7) and s. 943.053, all information obtained under this chapter in the discharge of official duty by any judge, any employee of the court, any authorized agent of the department [of *270 Juvenile Justice], ... any law enforcement agent, ... is confidential and may be disclosed only to the [designated entities and personnel], and others entitled under this chapter to receive that information, or upon order of the court .... (emphasis added).
Section 985.04(2) creates an exception to the general rule of confidentiality for juvenile records and provides, in pertinent part, as follows:
(2) Notwithstanding any other provisions of this chapter, the name, photograph, address, and crime or arrest report of a child:
(a) Taken into custody if the child has been taken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony;
(b) Found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors;
[[Image here]]
shall not be considered confidential and exempt from s. 119.07(1) solely because of the child’s age.
Section 943.053(3), relied upon by FDLE, provides, in pertinent part:
(3)(a) Criminal history information, including information relating to minors, compiled by the Criminal Justice Information Program from intrastate sources shall be available on a priority basis to criminal justice agencies for criminal justice purposes free of charge. After providing the program with all known identifying information, persons in the private sector and noncriminal justice agencies may be provided criminal history information upon tender of fees as established in this subsection and in the manner prescribed by rule of the Department of Law Enforcement....
(b) The fee per record for criminal history information provided pursuant to this subsection is $23 per name submitted, ...
FDLE argues that it is required by chapter 943 to collect and maintain fingerprint information for minors who are charged with or found to have committed petit theft, section 943.051(3)(b)10, Florida Statutes (2006), as well as the other offenses listed in section 943.051(3)(b). Further, section 943.053(3)(a) directs FDLE to provide such information as a public record upon request. FDLE interprets the first sentence of section 943.053(3)(a) as expressly including “information relating to minors” within “criminal history information,” and the second sentence as allowing “persons in the private sector” to have that criminal history information provided to them after tendering a fee of $23 per name submitted. According to FDLE, section 985.04(1), upon which appellant relies, contains an express exception to confidentiality of juvenile records as contained in “s. 943.053.”
G.G. contends that FDLE’s interpretation of section 943.053(3)(a) renders section 985.04(1) meaningless. G.G. argues that a minor’s criminal history information loses its confidential status only when the minor and her arrest report fit within section 985.04(2).

Legislative History and Background

Section 119.07(l)(a), Florida Statutes (2006), provides that “[e]very person who has custody of a public record shall permit the record to be inspected and copied by the person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records.” However, the legislature may, by general law, exempt certain records from the “access requirements of s. 119.07(1), s. 286.011, or s. 24 Art. I of the *271 State Constitution.” § 119.011(8), Fla. Stat. (2006).
In 1993, section 39.045(9), Florida Statutes, now reworded and renumbered as section 985.04(2), authorized the release of the identity of a juvenile who was 16 years of age or older and had been arrested for a felony or convicted of three or more misdemeanors. In 1994, the legislature substantially amended section 39.039(1), Florida Statutes, by requiring fingerprinting of juveniles charged with felonies and enumerated misdemeanors and requiring those fingerprints to be retained by FDLE marked “Juvenile Confidential.” Ch. 94-209, § 28 at 1272-73, Laws of Fla. Importantly, the newly-amended statute retained the language “[n]otwithstanding s. 119.14, these records shall not be available for public disclosure and inspection under s. 119.07(1), but shall be available to other law enforcement agencies ...” Id. at 1273.
In 1994, the FDLE Commissioner submitted a question to the Attorney General of Florida asking:
If a juvenile is arrested for a felony, do the recent amendments to chapter 39, Florida Statutes, prohibit a law enforcement agency or a criminal justice agency from releasing the law enforcement agency’s crime or arrest reports or disclosing any information about the crime other than the name, address, and photograph of the juvenile offender?
Op. Att’y Gen. Fla. 94-91 (1994).
The Attorney General answered as follows:
I am of the opinion that if the juvenile is arrested for a felony, the recent amendments to chapter 39, Florida Statutes, which reflect a legislative intent to make more information regarding juvenile crime available to the public, permit a law enforcement agency to release its crime or arrest report or to disclose information regarding the crime. This conclusion would appear to be equally applicable when such law enforcement records have been transmitted to and are in the hands of a criminal justice agency such as the Department of Juvenile Justice.
To the extent that any previous opinions of this office may be inconsistent with the conclusions herein, they are hereby modified. In light of the uncertainty that has been expressed by the law enforcement community, however, it may be advisable for the Legislature to clarify these issues.
Id. (emphasis supplied). Accord Op. Att’y Gen. Fla. 95-19 (1995).. The Attorney General reached this conclusion even though section 39.045(9), Florida Statutes (Supp. 1994), limited the information that could be released by a law enforcement agency to the name, photograph, and address of the child.
Apparently responding to this concern, the 1996 Florida Legislature amended section 39.039(l)(a)(b), Florida Statutes (1995), renumbered to section 985.11(l)(a)(b), Florida Statutes (2006); section 39.045(5), Florida Statutes (1995), renumbered to section 985.04(1), Florida Statutes (2006); section 39.045(9), Florida Statutes (1995), renumbered to section 985.04(2), Florida Statutes (2006); and section 943.053. Ch. 96-388, § 17, 18, and 21 at 2315-21, Laws of Fla. In section 17 of chapter 96-388, the legislature retained the language of section 39.039(l)(b) that required fingerprint records and photographs of juveniles to remain separate and marked “Juvenile Confidential,” but amended the statute by allowing the following exemption from this confidentiality requirement:
Such fingerprint records and photographs shall be retained by the law enforcement agency in a separate file, and *272 these records and all copies thereof must be marked “Juvenile Confidential.” Notwithstanding s. 119.14, these records shall not be available for public disclosure and inspection under s. 119.07(1), except as provided in ss. 39.015(9) and 913.053, but shall be available to other law enforcement agencies, criminal justice agencies, state attorneys, the courts, the child, the parents or legal custodians of the child, their attorneys, and any other person authorized by the court to have access to such records....
Ch. 96-388, § 17, at 2316, Laws of Fla.
At the same time, section 39.045(9), now 985.04(2), was amended as follows:
(9) Notwithstanding any other provisions of this part, a law enforcement agency-may release for publication the name, photograph, and address, and crime or arrest report of a child:
(а) Taken into custody if the child has been taken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony; — or the name, photograph, and address- of any-child who-has- been
(б) Found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors

shall not be considered confidential and exempt from the provisions of s. 119.07(1) solely because of the child’s age.

Ch. 96-388, § 18 at 2319, Laws of Fla.
Section 39.045(5), now section 985.04(1), was amended as follows:
(5) Except as provided in subsections (3), and (8), (9), and (10), and s. 91-3.053, all information obtained under this part in the discharge of official duty ... is confidential and may be disclosed only to the authorized personnel of the court, ... [or other authorized agencies].
Ch. 96-388, § 18 at 2318, Laws of Fla.
Finally, pertinent to the issue in this case, the first sentence of section 943.053(3) was amended by adding the words “including information relating to juveniles ” after “[criminal history information” in the first sentence of section 943.053(3). Ch. 96-388, § 21 at 2320-21, Laws of Fla.

Analysis

Examining the law preceding the 1996 amendments and studying the changes made to the pertinent statutory provisions, we conclude that the first sentence of section 943.053(3)(a), limited by its express language, means simply that “[c]riminal history information,” “including information relating to minors,” is available to criminal justice agencies on a priority basis and free of charge. The second sentence of section 943.053(3), which states that “persons in the private sector ... may be provided criminal history information upon tender of fees” (emphasis supplied), is limited by section 985.04(2). Thus, only those juveniles defined in section 985.04(2) lose the confidential status of their arrest records.
We read sections 985.04(1) and (2) as a whole. See St. Mary’s Hosp., Inc. v. Phillipe, 769 So.2d 961, 967 (Fla.2000). Further, “statutes relating to the same subject matter should be read in pari materia, and such rule is particularly applicable where such statutes are enacted as part of the single act.” McGraw v. R and R Inv., Ltd., 877 So.2d 886, 890 (Fla. 1st DCA 2004). As read, sections 985.04 and 943.053(3) are not in conflict or inconsistent. To accept FDLE’s reading of section 943.053(3), as allowing the public access to all juvenile arrest records regardless of the severity of the offense or offenses committed by the juvenile, would *273 render section 985.04 meaningless. “[T]he Legislature does not intend to enact useless provisions, and courts should avoid readings that would render a part of a statute meaningless.” State v. Goode, 830 So.2d 817, 824 (Fla.2002). “[I]t is ... an axiom of statutory construction that an interpretation of a statute which relates to an unreasonable or ridiculous conclusion or a result obviously not designed by the Legislature will not be adopted.” Allied Fid. Ins. Co. v. State, 415 So.2d 109, 110— 11 (Fla. 3d DCA 1982).
Thus, we reject FDLE’s argument that section 943.053(3) authorizes it to disseminate publically all juvenile criminal history records in its possession. We agree with G.G. that FDLE’s authority to disseminate criminal justice information under section 943.053(3) is expressly limited by section 943.053(1), which provides that release of such information shall be made “only in accordance with federal and state laws, regulations and rules.” Section 985.04 is one such state law that specifies which juvenile records may be released and which must be maintained as confidential and not publically released.
Below and on appeal, FDLE relies upon the staff analyses prepared in 1996 by the Senate Committee on Criminal Justice and the House Committee on Criminal Justice for its contention that the changes made by chapter 96-388 in 1996 were meant to expand the public’s access to juvenile criminal history records. “While we recognize that staff analyses are not determinative of final legislative intent, they are, nevertheless, ‘one touchstone of the collective legislative will.’ ” White v. State, 714 So.2d 440, 443 n. 5 (Fla.1998) (quoting Sun Bank/South Florida, N.A. v. Baker, 632 So.2d 669, 671 (Fla. 4th DCA 1994)).
Our decision does not rely on staff anal-yses. Further, upon a closer examination of those analyses, we find the FDLE’s reliance is misplaced. The staff analyses support the position advocated here by G.G., not FDLE. Specifically, the final bill analysis prepared for the Senate Committee on Criminal Justice explained the law before the changes were made and summarized the changes, in pertinent part, as follows:
Currently, a juvenile who is charged with or found to have committed a felony offense or one of the enumerated misdemeanors must be fingerprinted and the fingerprints must be submitted to FDLE. The section further provides that the records are not available for public disclosure or inspection under s. 119.07(1), F.S., but are available to other law enforcement agencies, criminal justice agencies, ... FDLE and all other law enforcement agencies are only authorized to use juvenile fingerprint and photograph records for identification purposes. Currently, records relating to juveniles cannot be commingled with records of adult offenders. This bill expands public access to juvenile records by providing that the records will be available as provided in s.s. 39.015(9) and 913.053, F.S.
Section 39.015(9), F.S., is amended to provide that, notwithstanding any other provision of Part II of ch. 39, F.S., the name, photograph, address, and crime or arrest report of a juvenile taken into custody for a felony violation or found to have committed three or more misdemeanors shall not be considered confidential and exempt from public disclosure solely because of the juvenile’s age at the time the juvenile was taken into custody.
Section 943.053, F.S., is amended to provide that criminal history information, including information relating to juveniles, must be available on a priority *274 basis to criminal justice agencies for criminal justice purposes free of charge and to other noncriminal justice governmental agencies on an approximate-cost basis.
Fla. Sen. Comm, on Crim. Justice, Major Legislation Passed, 1996 Regular Session 7-8 (1996) (emphasis supplied). The final bill analysis prepared for the House Committee on Criminal Justice is similar. Fla. H.R. Comm, on Crim. Justice, SB 156 (1996) Final Bill Analysis 8-9 (August 9, 1996) (emphasis supplied).

Conclusion

When subsection (1) and (2) of section 985.04 are read in pari materia with section 985.11(l)(a)(b) and section 943.053(3), it is clear that only the arrest records of those juveniles who the legislature has designated in section 985.04(2) have lost their confidential status and are available to the public pursuant to section 943.053(3)(a). G.G., who allegedly stole a can of Coke, is not one of the juveniles defined in section 985.04(2), and her arrest record is not a public record.
REVERSED and REMANDED for further proceedings consistent with this opinion.
CLARK and RAY, JJ., concur.