STATE v. D. M. BYRD.

(Filed 8 February, 1933.)

**Bills and Notes I f—**

A post-dated check for a past account does not come within provisions of the "bad-check law." C. S., 4283(a).

APPEAL by defendant from *Moore, J.,* at April Term, 1932, of MITCHELL. New trial.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Berry & Greene for defendant.*

ADAMS, J. The defendant drew two checks on the Bank of Spruce Pine payable to the order of the Climax Manufacturing Company. Both checks were post-dated—that is, the date on each check was later than the real date of its issue. The question is whether the defendant is guilty of giving a worthless check in violation of section 4283(a) of the Consolidated Statutes.

The trial court instructed the jury to convict the defendant if they believed the evidence and found beyond a reasonable doubt that he had given the checks, and that it made no difference whether the checks were or were not post-dated.

They were given for a past account and if post-dated did not import criminal liability. *S. v. Crawford,* 198 N. C., 522. For error in the instruction the defendant is entitled to a new trial.

New trial.