666 So.2d 984 (1996)
Harleston R. WOOD, Jr., etc., et al., Appellants,
v.
Norbert F. WALL, et al., Appellees.
No. 95-1173.
District Court of Appeal of Florida, Third District.
January 17, 1996.
*985 Richard A. Warren, South Miami, for appellants.
Rothman & Tobin and Michael Rothman and Michael Tobin, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
The appellees, Norbert F. Wall and Michael W. Adsit, are business promoters and New Jersey and Pennsylvania residents, respectively. They envisioned the establishment of a limited partnership to be known as Bear Creek Partnership Limited. The plan was for the partnership to purchase land in Pennsylvania which was expected to enhance in value. Among their prospects was their attorney, Harleston R. Wood, a Florida resident. Wood alleges that Wall and Adsit solicited him to become a limited partner and invited him to bring in others among his friends and family to share in the enterprise. The promoters claim the proposition was made in response to a query by Wood. Regardless of the initiating party, the two promoters were successful and Wood was able to bring in others. Wall and Adsit joined in the deal only through the corporation and partnership they created, W.A. Investors, Inc. and W.A. Partners Ltd. Wood established an express trust wherein he represented his friends and family. Ultimately, Wood drafted the limited partnership agreement which contained a forum selection clause, explicitly providing that Pike County, Pennsylvania would be the situs for all litigation arising under the terms of the agreement.
According to Wood, unknown to himself and the other investors, Wall and Adsit had personally purchased the property and ultimately transferred it to the established partnership at an undisclosed profit. Their solicitation and alleged wrong-doing occurred prior to the draft and execution of the partnership agreement which Wood ultimately signed individually and as trustee. Following that, Wood discovered the secret profit, made to the disadvantage of the limited partners. Consequently, Wood initiated suit for himself and on behalf of the other partners seeking redress through a Florida statutory claim, federal RICO claim, common law fraud claim, and a claim for rescission of the partnership agreement.
Wall and Adsit moved to dismiss based upon the partnership agreement's forum selection clause and on the Florida court's lack of in personam jurisdiction. Discovery was developed on those issues and the matter came before the court for ultimate disposition. It dismissed the action based upon the forum selection clause but did not make a ruling concerning the failure of in personam jurisdiction. This appeal ensued.
*986 Under the particular facts, there can be no doubt that the forum selection clause is nonapplicable. Wall and Adsit were not parties to the contract containing the forum selection clause, yet every count by Wood and those he represented alleged claims against the two promoters. The duplicity alleged occurred before any agreement was signed; however, the forum selection clause clearly indicates that it is limited to litigation arising "under the terms of this agreement." Thus, as was the case in Colonia Ins. Co. v. Assuranceforeningen Skuld, 588 So.2d 1009 (Fla. 3d DCA 1991), review denied, 598 So.2d 75 (Fla. 1992), as to the instant allegations, the forum selection clause is legally irrelevant. Its enforcement under the circumstances would be unjust as well as unreasonable.
Furthermore, while the trial court did not rule upon the motion to dismiss with respect to the defendants' claim of lack of in personam jurisdiction, in the instant case, we are in as good a position as the trial court to do so. Because Wall and Adsit are alleged to have committed purposeful, non fortuitous, intentional tortious acts on Wood and his associates located in Florida, the promoters are deemed to have subjected themselves to the long-arm jurisdiction of Florida courts under section 48.193(1)(b), Florida Statutes (1993). See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); see also Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (jurisdiction constitutionally proper because of intentional conduct in the defendant's state of residence calculated to cause injury in the forum state). International Harvester Co. v. Mann, 460 So.2d 580, 581 (Fla. 1st DCA 1984) ("It is well-established that the commission of a tort for purposes of establishing long-arm jurisdiction does not require physical entry into the state, but merely requires that the place of injury be within Florida.").
Finally, the appellees' claim that the cause should be heard in Pennsylvania because appellants have submitted themselves to the jurisdiction of Pennsylvania courts is without substantial merit. Instead, all it seems that they have done is to utilize Pennsylvania law to give notice of their action so as to prevent the running of the statute of limitations against their claim in Pennsylvania in the event they ultimately elected to litigate there.
For the foregoing reasons, the order under review is reversed with directions.