668 So.2d 273 (1996)
Cary G. BYRON, Appellant,
v.
MARINE CARRIERS (USA), INC., Richard Smith, Jacksonville Industrial Supply, Inc., and John Hickman, Appellees.
No. 94-1733.
District Court of Appeal of Florida, First District.
February 15, 1996.
Alan Michael Foody of Noe & Foody, Atlantic Beach, for Appellant.
James F. Moseley, Jr. of Taylor, Moseley & Joyner, Jacksonville, for Appellee Richard Smith.
VAN NORTWICK, Judge.
Cary G. Byron appeals an order dismissing, for lack of personal jurisdiction as to *274 appellee Richard Smith, Byron's amended complaint seeking damages for Smith's allegedly defamatory statements. Because, as alleged in Byron's amended complaint, Smith's defamatory statements would constitute intentional torts, we conclude that the trial court has jurisdiction over Smith individually and reverse.
Byron was hired by Marine Carriers, Inc. (MCI), a New Jersey corporation, to oversee repairs on a U.S. Navy ship. After the repairs were completed and Byron was no longer employed by MCI, Smith, the president of MCI, spoke by telephone from his New Jersey office to a Jacksonville, Florida resident. According to Byron's amended complaint, Smith made defamatory statements indicating that Byron's work was poor and that Byron received "kickbacks" from suppliers. Byron further alleges that these statements have caused him injury and seeks damages from MCI, Smith, and other defendants, jointly and severally, for slander, conspiracy to slander and intentional infliction of emotional distress.
MCI and Smith made special appearances, and each sought to dismiss the case. After receiving argument on the matter, the lower court dismissed the amended complaint as to Smith. MCI's motion was denied. Byron now challenges the dismissal of Smith.
In its order, the lower court found that Smith was acting in his corporate capacity when he made the alleged defamatory telephone call. The lower court concluded that because "Smith's alleged statements were made within his corporate capacity as President of MCI, this Court does not have personal jurisdiction over Smith individually in Florida."
We must disagree with the lower court's conclusion. It is true that as a general rule the so-called "corporate shield" doctrine immunizes from suit a corporate employee acting in his corporate capacity. Doe v. Thompson, 620 So.2d 1004 (Fla.1993). However, the corporate shield doctrine has no application when the corporate officer commits an intentional tort. Id. at 1006, n. 1, and Allerton v. State, 635 So.2d 36 (Fla. 1st DCA 1994); see also, Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994). In the instant case, the causes of action alleged in the amended complaint, which must be assumed true when ruling on a motion to dismiss, are all based upon the alleged intentional torts of Smith.
There was no finding below that the assertion of jurisdiction over Smith under the Florida long-arm statute would contravene traditional notions of fair play and justice. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). Therefore, we do not pass on that question. Further, by our decision in this cause, we make no determination as to the sufficiency of the causes of action alleged. We hold only that the corporate shield doctrine does not protect Smith from the jurisdiction of the circuit court given the allegations of the amended complaint. See, Aaron v. Allstate Insurance Co., 559 So.2d 275 (Fla. 4th DCA 1990).
REVERSED and REMANDED.
ZEHMER, C.J., and KAHN J., concur.