696 So.2d 930 (1997)
TEXAS GUARANTEED STUDENT LOAN CORPORATION, a foreign corporation, Appellant,
v.
Jeffrey R. WARD, Appellee.
No. 97-00079.
District Court of Appeal of Florida, Second District.
July 9, 1997.
*931 Russell L. Cheatham, III of Fisher & Sauls, P.A., St. Petersburg, for Appellant.
Barry Ben Butler of Barry Ben Butler, P.A., Brandon, and Jeffrey Renick Ward, St. Petersburg, for Appellee.
THREADGILL, Acting Chief Judge.
Texas Guaranteed Student Loan Corporation (TGSLC), defendant below, appeals a nonfinal order denying its motion to abate/dismiss for lack of personal jurisdiction and motion to quash service of process. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). Because TGSLC's acts were not sufficient to subject it to Florida's long-arm jurisdiction under section 48.193, Florida Statutes (1995), we reverse.
*932 TGSLC is a foreign corporation existing under the laws of Texas. In determining whether a nonresident defendant is subject to the jurisdiction of Florida's courts, two inquiries must be made. "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient `minimum contacts' are demonstrated to satisfy due process requirements." Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)(quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)).
The complaint filed in this case by Jeffrey Ward sought relief under the Federal Fair Debt Collection Practices Act and Federal Fair Credit Reporting Act, as well as under theories of defamation, intentional infliction of severe emotional distress, invasion of privacy, negligence, and usury. The complaint alleged that TGSLC engaged in debt collection activities in Florida by mailing debt collection letters and making telephone calls to Mr. Ward while he was in Florida. The complaint also alleged that TGSLC conducted business within Florida, and that all or part of the transactions complained of occurred in Hillsborough County, Florida. Mr. Ward contends that section 48.193(1)(a)-(b) confers jurisdiction over TGSLC. That provision states that any person who, personally or through an agent, commits an enumerated act submits to the jurisdiction of the courts of this state for any cause of action arising from the act. The enumerated acts include, in pertinent part: "(a) [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;" and "(b) [c]ommitting a tortious act within this state." § 48.193(1)(a)-(b), Fla. Stat. (1995).
In order to challenge allegations in a complaint regarding jurisdiction or the sufficiency of minimum contacts, a defendant must file affidavits to support its position. Venetian Salami, 554 So.2d at 502. The burden then shifts to the plaintiff to prove by affidavit the basis for jurisdiction. Id. In this case, TGSLC filed an affidavit in support of its motion to abate/dismiss. In the affidavit, TGSLC's Vice President/Counsel averred that: TGSLC's principal place of business is in Austin, Texas; it is not qualified to do business in Florida; it has no registered agent for service in Florida; it has never transacted business in Florida; it owns no real property in Florida; and it does not maintain offices or employees in Florida. Mr. Ward did not file an affidavit in response to TGSLC's motion to abate/dismiss and supporting affidavit.
The assertions in TGSLC's affidavit refute the allegation in the complaint that TGSLC conducts business in Florida. To invoke Florida's long-arm jurisdiction over a foreign corporation under section 48.193(1)(a), the corporation's activities must be considered collectively and must show a general course of business activity in Florida for pecuniary benefits. Citicorp Ins. Brokers, Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994). Without more, TGSLC's actions in mailing debt collection letters and making telephone calls to Florida regarding a loan made to Mr. Ward by TGSLC do not demonstrate a general course of business activity in Florida for pecuniary benefits. Thus, jurisdiction does not exist under section 48.193(1)(a).
Similarly, Mr. Ward has failed to establish that jurisdiction exists under section 48.193(1)(b). The complaint alleged several tort claims including defamation, intentional infliction of emotional distress, and invasion of privacy. These claims arise from the debt collection letters and telephone calls received by Mr. Ward in Florida and from false statements allegedly made by TGSLC to credit reporting agencies. The complaint, however, fails to allege that any of the tortious conduct occurred in Florida. The occurrence of injury alone in Florida does not satisfy section 48.193(1)(b). Phillips v. Orange Co., Inc., 522 So.2d 64 (Fla. 2d DCA 1988). To establish personal jurisdiction, part of the defendant's tortious conduct must occur in Florida. Bower v. C.J. Timm Inv. Co., 630 So.2d 678 (Fla. 2d DCA 1994).
Because we have determined that TGSLC is not subject to Florida's long-arm jurisdiction under section 48.193, it is not necessary to address the second inquiry as to whether sufficient minimum contacts have been demonstrated *933 to satisfy due process requirements. See Rafal v. Mesick, 661 So.2d 79 (Fla. 2d DCA 1995).
Reversed.
PATTERSON and FULMER, JJ., concur.