710 So.2d 5 (1998)
Nicolina Galloway KOCH, Appellant,
v.
Michael KIMBALL, Appellee.
No. 97-03645.
District Court of Appeal of Florida, Second District.
February 25, 1998.
Rehearing Denied May 13, 1998.
*6 Robert E. Weisberg and Karen D. Turner of Law Offices of Robert E. Weisberg, Coral Gables, for Appellant.
Arthur S. Corrales, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges the court order denying her motion to dismiss appellee's action against her. She maintains that she is not subject to personal jurisdiction in Florida under either the long arm statute or minimum contacts. We agree with the trial court that Florida does have jurisdiction over appellant and, accordingly, affirm.
These proceedings arose out of appellant's April 24, 1996 tape recording of a telephone call that she placed from her home in Georgia to appellee, who was her supervisor, at his home in Tampa, Florida. Appellant worked for Progressive as a salesperson. Part of her territory was Florida. During her employment with Progressive, and in furtherance of her job duties, she made five three-day business trips to Florida. She was also required to make weekly telephone calls to appellee. She made those calls from her home in Georgia to appellee's home in Tampa. She tape recorded the April 24, 1996 call.
As a result, appellee filed a complaint against appellant in Florida, alleging that her recording of this call violated the Florida Security of Communications Act. Appellant moved to dismiss the action, claiming that Florida could not exercise jurisdiction over her under the long arm statute or minimum contacts. Finding that Florida could exercise personal jurisdiction over appellant, the court denied her motion.
We agree with the trial court that: (1) Sufficient jurisdictional facts were established to find that Florida does have jurisdiction over appellant under the long arm statute; and (2) sufficient minimum contacts were established to satisfy the requirements of due process. Under one section of the long arm statute, section 48.193(1)(b), Florida Statutes (1997), jurisdiction is proper when a defendant commits a tort within the State of Florida. Here, appellee alleged that appellant committed a tort within Florida by tape recording the telephone call. He alleged that appellant thereby violated the Florida Security of Communications Act, which limits the interception of private communications without the consent of both parties to the conversation. It was appellee's position that, *7 if the interception occurred in Florida, appellant committed a tort within Florida.
The key question then becomes where the communication was intercepted. Under the Act, the actual "interception" occurs not where the communication is ultimately heard (here, Georgia), but where the communication originates (Tampa). See State v. Mozo, 655 So.2d 1115 (Fla.1995). See also U.S. v. Nelson, 837 F.2d 1519, 1527 (11th Cir.1988) (holding, "We agree with the government's argument that the term `intercept' as it relates to `aural acquisitions' refers to the place where a communication is initially obtained regardless of where the communication is ultimately heard.") 837 F.2d at 1527. We interpret this language to mean that, for purposes of establishing a tort under the Act, the interception occurs where the words or the communication is uttered, not where it is recorded or heard. We believe that this interpretation is in conformance with the intent of the civil provisions of the Act (§ 934.27, Fla.Stat. (1995)), which seek to protect the privacy of the speaker.
This interpretation is further supported by the Act's definition of "wire communication": "[A]ny aural transfer ... by the aid of wire, cable, or other like connection between the point of origin and the point of reception." § 934.02(1), Fla. Stat. (1995) (emphasis supplied).
Under this analysis, the interception occurred in Tampa, Florida, since that is where the recorded communication was uttered. Accordingly, the tort alleged, intentional violation of the Act, was committed in Florida. Although appellant maintains that she is protected by the corporate shield doctrine because she was purportedly making the call pursuant to her employment with Progressive, that doctrine does not protect appellant here because the complaint alleged that she committed an intentional tort, which excludes her from protection under that doctrine. See Byron v. Marine Carriers, Inc., 668 So.2d 273 (Fla. 1st DCA 1996); Allerton v. State Dep't of Ins., 635 So.2d 36 (Fla. 1st DCA 1994). To paraphrase Allerton, these acts were not "untargeted negligence," but were intentional tortious acts aimed at appellee in Florida. 635 So.2d at 39. Appellant's intentional conduct was calculated to cause injury to appellee here in Florida. Id. As such, appellant is subject to personal jurisdiction in the State of Florida.
Moreover, contrary to appellant's argument, in order for the commission of a tort to establish long arm jurisdiction, there need not be physical entry into the state; it is enough if the place of injury is within Florida. See Int'l Harvester Co. v. Mann, 460 So.2d 580, 581 (Fla. 1st DCA 1984); Allerton. Since the interception of the call occurred in Florida, the injury occurred here. That is enough.
Having found sufficient jurisdictional facts to bring the action within the long arm statute, we turn to whether there were sufficient minimum contacts to satisfy due process. The question is whether appellant "should reasonably have anticipated being haled into court" in Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla.1989). In Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the court stated that where the nonresident defendant commits intentional and tortious acts that were expressly aimed at the forum state, with the knowledge that the acts would have a devastating impact on the forum state and that the brunt of the acts would be felt in that state, that nonresident defendant "must have reasonably anticipated being haled into court there." 465 U.S at 789-790, 104 S.Ct. at 1486-1488. See also Allerton, 635 So.2d at 40. We believe that the same analysis applies here. Since appellee alleged that appellant committed the intentional tort of violation of the Florida Security of Communications Act by expressly calling Florida with the knowledge that the only impact of her action would be in Florida, we conclude that appellant's actions were not the random, fortuitous or attenuated actions that courts seek to avoid pinning jurisdiction upon. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 486, 105 S.Ct. 2174, 2189-2190, 85 L.Ed.2d 528 (1985).
Having found that appellee established sufficient jurisdictional facts and sufficient minimum contacts to satisfy due process, we conclude that jurisdiction is proper under *8 Florida's long arm statute and due process. Accordingly, we affirm.
ALTENBERND and GREEN, JJ., concur.