GREEN, Acting Chief Judge.
We affirm summary judgment in favor of Totaltape, Inc. (Totaltape) against Accountants Professional Scholastics, Inc. (APSI). On the other hand, we determine that Totaltape’s amended complaint against appellant Leonard Brooke failed to allege sufficient facts so as to subject him to the jurisdiction of Florida courts under section 48.193,' Florida Statutes (1997). We therefore reverse the summary judgment entered against Leonard Brooke.
Totaltape filed suit against Mark Brooke, a former employee, and Profes *441 sional Scholastics, Inc. (PSI), a company controlled by Mark Brooke which marketed products in competition with Totaltape, in violation of a noncompetition agreement. After a temporary injunction was entered against Mark Brooke and PSI, Leonard Brooke, Mark Brooke’s father, formed APSI, to market the same type of products as Totaltape and PSI. Totaltape later amended the complaint to include Leonard Brooke and alleged that he was an individual residing in the state of Mississippi and was an officer, a director, and a shareholder of the stock of PSI. It was further alleged that substantially all of the assets of PSI were transferred to APSI, for the fraudulent purpose of avoiding Lability on the part of Mark Brooke, in violation of section 726.105, Florida Statutes (1997).
Leonard Brooke contends there is no allegation in the complaint that he has committed any actionable conduct within the state of Florida or that he otherwise has contacts with the state which would subject him to the jurisdiction- of Florida courts. We agree. See § 48.193, Fla. Stat. (1997); Sunrise Assisted Living, Inc. v. Ward, 719 So.2d 1218 (Fla. 2d DCA 1998); Koch v. Kimball, 710 So.2d 5 (Fla. 2d DCA 1998); Texas Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930 (Fla.2d DCA 1997); Kennedy v. Reed, 533 So.2d 1200 (Fla. 2d DCA 1988); Phillips v. Orange Co., Inc., 522 So.2d 64 (Fla. 2d DCA 1988).
We reverse the summary judgment against Leonard Brooke and the order denying his motion to dismiss the^amended complaint against him. Furthermore, we remand for entry of an order granting Leonard Brooke’s motion for dismissal of him as a party defendant, with leave for Totaltape to amend its pleading. We affirm summary judgment against APSI.
Affirmed m part, reversed m part, and remanded with directions.
CASANUEVA and STRINGER, JJ., Concur.