822 So.2d 533 (2002)
HOMEWAY FURNITURE COMPANY OF MOUNT AIRY, INC., a foreign corporation; and Teresa Nance, individually, Appellants,
v.
Mark J. HORNE, Appellee.
No. 2D01-2581.
District Court of Appeal of Florida, Second District.
July 19, 2002.
*534 Anthony J. Russo and Robert E. Vaughn, Jr., of Butler Burnette Pappas, LLP, Tampa, for Appellants.
*535 George M. Osborne, St. Petersburg, for Appellee.
ALTENBERND, Judge.
Homeway Furniture Company of Mount Airy, Inc. ("Homeway Furniture"), and its shareholder, Teresa Nance, appeal an order denying their motion to dismiss the complaint of Mark Home for lack of personal jurisdiction. We reverse because Florida's long-arm statute, section 48.193, Florida Statutes (2000), does not provide a basis for a Florida court to assert personal jurisdiction over these foreign defendants. Specifically, Mr. Home's complaint for false arrest, malicious prosecution, and abuse of process and his supporting affidavits do not establish that either Ms. Nance or Homeway Furniture committed a tortious act in this state.
Mark Horne, a Florida resident, discovered a website owned by Homeway Furniture that advertised the company's products. The website was not interactive, and therefore, Mr. Home traveled to North Carolina in June 2000 to purchase furniture from the company. All of the offices, showrooms, and warehouses of Homeway Furniture are in the state of North Carolina.
Mr. Home purchased furniture from Homeway Furniture for approximately $30,000. Mr. Home paid approximately $3,000 of this amount by credit card. For the remaining balance, Homeway Furniture accepted two postdated checks of $13,500 each from Mr. Home. According to Mr. Home, the parties anticipated that Homeway Furniture would continue to provide interior design services to him for his home in Tampa, Florida, but there was no written agreement to this effect. The purchase contract between the parties listed Mr. Horne's residence as his address in Tampa, and the parties arranged for a third-party carrier to deliver the furniture to Mr. Home's residence in Tampa.
When the furniture was delivered, a dispute arose over the quality and condition of the goods. Mr. Home contacted Homeway Furniture to complain and instructed them not to present one of the postdated checks for payment. While discussions between the parties continued in an effort to resolve the dispute, Homeway Furniture presented the check for payment and the check was returned for insufficient funds. Upon the return of the check, Ms. Nance, an officer and shareholder of Homeway Furniture who allegedly participated in the sale, filed a criminal complaint with the Mount Airy Police Department in North Carolina alleging that Mr. Home had uttered a worthless check.
Based upon this complaint, North Carolina law enforcement obtained a felony arrest warrant, which was transmitted to the Tampa Police Department to execute upon Mr. Home. Mr. Home was arrested by Tampa police and spent a day in a Hillsborough County jail before a North Carolina district attorney recalled the arrest warrant. Apparently, North Carolina law, like Florida law, does not permit criminal charges on postdated checks. See, e.g., § 832.05, Fla. Stat. (2001); N.C. Gen. Stat. § 14-107 (2001); State v. Byrd, 204 N.C. 162, 167 S.E. 626 (1933).
Once the criminal prosecution against Mr. Home was terminated in North Carolina, he brought this suit against Ms. Nance, Homeway Furniture, and Officer D.A. Vernon of the Mount Airy Police Department, as an individual. The complaint accused the defendants of malicious prosecution, false imprisonment, and abuse of process. Both Ms. Nance and Homeway Furniture sought to dismiss the complaint for lack of personal jurisdiction. Officer Vernon filed a separate motion to dismiss that was also denied. He has not *536 appealed the order or appeared in this appeal.
Ms. Nance and Mr. Horne each submitted affidavits to support their respective positions. The underlying facts, as set forth in this opinion, are not in material dispute. The parties simply dispute whether these facts support a Florida court's exercise of personal jurisdiction over Ms. Nance and Homeway Furniture in accordance with Florida's long-arm statute and principles of due process.
In Florida, a case-specific determination of long-arm jurisdiction requires a two-step inquiry: (1) whether the complaint alleges sufficient facts to bring the action within the ambit of section 48.193; and (2) whether sufficient "minimum contacts" exist between the defendant and the forum state to satisfy constitutional due process requirements. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). See also Doe v. Thompson, 620 So.2d 1004 (Fla.1993). If Florida's long-arm statute does not provide a basis for personal jurisdiction under the initial statutory prong of this inquiry, the constitutional analysis is unnecessary. In this case, we conclude that Florida's long-arm statute does not permit the exercise of jurisdiction, so we do not consider whether exercising jurisdiction would violate due process.
Mr. Horne argues that the actions of Homeway Furniture and Ms. Nance may subject them to jurisdiction in this state under three subsections of section 48.193. First, Mr. Horne argues that section 48.193(1)(a) permits jurisdiction over the defendants because Homeway Furniture was operating or engaging in a business in this state. Because this section involves general jurisdiction, however, the business activities of the nonresident defendant must be considered collectively and must show a general course of business activity in Florida for pecuniary gain. See Tex. Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930 (Fla. 2d DCA 1997).
Here, the evidence presented to the trial court by way of affidavits established that Homeway Furniture conducted the bulk of its business in North Carolina and that it had no facilities or offices in Florida. Homeway Furniture's business connections with Florida, as alleged, included only (1) creating a website that could be viewed by Florida residents and (2) contracting with Mr. Horne in North Carolina and assisting in arranging shipment of his furniture to Florida through a common carrier. There was no evidence presented as to whether Homeway Furniture had other regular business dealings with Florida residents. This limited business activity is not enough to support a finding that Homeway Furniture was engaged in a business in this state. See Jasper v. Zara, 595 So.2d 1075 (Fla. 2d DCA 1992) (holding long-arm statute did not permit exercise of jurisdiction over defendant New York financial planners who never maintained office, agent, address, or telephone listing in Florida and who communicated by phone and letter with Florida client only after Florida client solicited their assistance); Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmt., Inc., 726 So.2d 313 (Fla. 4th DCA 1998) (holding Florida court had no personal jurisdiction over nonresident defendant under section 48.193(1)(a) when defendant advertised in international magazines that reached Florida and entered into contract with Florida plaintiff, but did not otherwise have business presence in Florida).
Mr. Horne also argues that Florida courts can assert personal jurisdiction over *537 Homeway Furniture and Ms. Nance pursuant to section 48.193(1)(f)(2). This section permits personal jurisdiction over a nonresident defendant when an injury is caused to a person in this state arising out of an act or omission by the defendant outside of this state if, at or about the time of the injury, a product manufactured by the defendant is used within this state in the ordinary course of commerce. Mr. Horne reads this provision too broadly. The Florida cases applying this section all address cases in which a product causes bodily injury or property damage. See, e.g., Wetzel v. Fisherman's Wharf of Pompano Beach, Inc., 771 So.2d 1195 (Fla. 4th DCA 2000) (involving wrongful death action based upon defective firework); Plantation-Pioneer Indus. Corp. v. Koehler, 689 So.2d 1293 (Fla. 4th DCA 1997) (involving defective power strip which resulted in fire destroying home). In this case, it was not Homeway Furniture's product that caused injury to Mr. Horne. Rather, Mr. Horne alleges that Homeway Furniture and Ms. Nance committed intentional torts unrelated to the use of the furniture. We conclude that this section of the longarm statute does not apply under these circumstances. See Mallard v. Aluminum Co. of Can., Ltd., 634 F.2d 236, 241 (5th Cir.1981) (interpreting section 48.193(1)(f)(2) to permit jurisdiction over nonresident "if products that the nonresident processed, serviced or manufactured cause injury during use or consumption in Florida").
Finally, Mr. Horne argues that Ms. Nance and Homeway Furniture are subject to Florida's jurisdiction pursuant to section 48.193(1)(b). This section allows a Florida court to assert jurisdiction over a nonresident defendant who "personally or through an agent ... committ[ed] a tortious act within this state." Mr. Horne asserts that although the defendants were located in North Carolina and their acts occurred in that state, they engaged in intentional torts directed at Mr. Horne, who they realized was a resident of the state of Florida.
In other factual contexts, there is some support for Mr. Horne's position. Although the general rule in negligence actions has been that the occurrence of an injury in this state, by itself, will not support jurisdiction under the long-arm statute, see, e.g., Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977), some courts have analyzed intentional torts using broader concepts. See Achievers Unlimited, Inc. v. Nutri Herb Inc., 710 So.2d 716 (Fla. 4th DCA 1998) (involving action for defamation); Wood v. Wall, 666 So.2d 984 (Fla. 3d DCA 1996) (involving action for fraud and racketeering); Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994) (involving action for defamation); Allerton v. State, Dep't of Ins., 635 So.2d 36 (Fla. 1st DCA 1994) (involving action for fraud and breach of fiduciary duty); Int'l Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984) (involving action for breach of fiduciary duty), disapproved of on other grounds, Doe v. Thompson, 620 So.2d 1004 (Fla. 1993).
Moreover, even in the context of negligence (as opposed to intentional torts) the Florida Supreme Court has recently confirmed that a person's physical presence in the state is not a prerequisite to "commit[t]ing a tortious act within this state." Wendt v. Horowitz, 822 So.2d 1252, 1253 (Fla.2002). In Wendt, the court held that a person could commit a tortious act in Florida within the meaning of section 48.193(1)(b) by making telephonic, electronic, or written communications into *538 the state, provided those communications gave rise to the alleged tort.[1]See also Dean v. Johns, 789 So.2d 1072 (Fla. 1st DCA 2001); Achievers Unlimited, 710 So.2d 716; Wood, 666 So.2d 984; Silver, 648 So.2d 240; Allerton, 635 So.2d 36.[2]
Other cases asserting personal jurisdiction over a nonresident defendant who has never physically entered the state involve causes of action for defamation. See, e.g., Smith v. Cuban Am. Nat'l Found., 657 So.2d 86 (Fla. 3d DCA 1995). In Smith, the defendant made allegedly defamatory statements during a televised interview in Washington, D.C., which aired in Florida as part of a national broadcast. Without regard to whether this court would treat such an out-of-state interview as a tortious act in Florida, we decline to apply Smith's rationale, based as it is upon mass communication and knowing publication, to a single report of an alleged crime to an out-of-state police department.
This case does not involve defamation or defendants who made telephonic, electronic, or written communications into Florida. Cases more analogous to this case have held that section 48.193(1)(b) is not satisfied even in the context of an intentional tort directed at a Florida resident when all of the actions taken to commit the tort occur out of state. See Phillips v. Orange Co., 522 So.2d 64 (Fla. 2d DCA 1988) (involving breach of fiduciary duty); Freedom Sav. & Loan Ass'n v. Ormandy & Assocs., 479 So.2d 316 (Fla. 5th DCA 1985) (involving tortious interference with contractual relationship). Indeed, at least one jurist has expressed the opinion that because the language of section 48.193(1)(b) must be strictly construed,[3] it does not apply unless the nonresident defendant's acts or omissions specifically occur in this state. See Thomas Jefferson Univ. v. Romer, 710 So.2d 67, 68 (Fla. 4th DCA 1998) (Farmer, J., concurring and dissenting). Judge Farmer rejected the distinctions made by other courts based upon whether a tort was intentional, arguing that to hold as such required engrafting that exception into the statute. Id. at 71.[4]
Without necessarily adopting Judge Farmer's approach for all intentional torts, we conclude Homeway Furniture and Ms. Nance did not commit a tortious act within this state. The alleged "tortious acts" involved the defendants' making false reports of crimes to law enforcement officials in North Carolina. The defendants did not personally commit these acts in Florida, either through their physical presence or through communications into this state. The law enforcement officers who participated in securing the arrest and detention *539 of Mr. Horne in Florida cannot be regarded as the defendants' agents. Cf. State v. Am. Tobacco Co., 707 So.2d 851, 854 (Fla. 4th DCA 1998) (noting under similar circumstances related to long-arm jurisdiction, "[t]he issue of [the principal's] control is critical to the determination of agency").
This court has previously followed the general rule that, even in the context of intentional torts, the existence of an injury in Florida, standing alone, is insufficient to establish jurisdiction pursuant to section 48.193(1)(b) when all of the defendant's tortious conduct occurred outside the state. See, e.g., Tex. Guaranteed Student Loan, 696 So.2d 930; Phillips, 522 So.2d 64; see also Brooke v. Totaltape, Inc., 804 So.2d 440 (Fla. 2d DCA 2001). This court has recognized only two exceptions: one involved an action for conspiracy in which the actions of coconspirators taken in Florida were attributed to the nonresident defendants and thus supported asserting jurisdiction over them, see Wilcox v. Stout, 637 So.2d 335 (Fla. 2d DCA 1994); the second involved an illegal recording of a telephone conversation, in which this court held that the statutory language of the Florida Security of Communications Act established that the "interception" constituting the tort actually occurred in Florida although the defendant was not physically present in the state at the time, see Koch v. Kimball, 710 So.2d 5 (Fla. 2d DCA 1998). In this case, there are no allegations of conspiracy, no Florida defendants, and no statute that would support an interpretation that the tortious acts of the defendants occurred in this state.
Accordingly, we conclude that Mr. Home has not established jurisdiction over the persons of Homeway Furniture and Ms. Nance. On remand, the action against these defendants must be dismissed without prejudice to Mr. Horne's rights to pursue these claims in another jurisdiction.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] In this case, for example, personal jurisdiction over the North Carolina police officer may be supported by this line of cases because he presumably made telephone calls or other communications to this state to secure the arrest of Mr. Home.
[2] Some of these cases do not clearly distinguish between the analysis used to determine whether the long-arm statute authorizes jurisdiction as compared to the analysis used to determine whether exercising jurisdiction violates constitutional rights to due process. Particularly in intentional tort cases, the constitutional prong might permit a broader analysis than the statutory prong.
[3] See Esberger v. First Fla. Bus. Consultants, 338 So.2d 561, 562 (Fla. 2d DCA 1976).
[4] The Florida Supreme Court has yet to address this specific issue, although there is some language in Doe v. Thompson, 620 So.2d 1004 (Fla.1993), that suggests section 48.193 requires some personal action by the nonresident defendant or his or her agent within the state of Florida. Doe, however, involved negligence and not an intentional tort.