VAN NORTWICK, J.
 

 Joseph Rensin, the chief executive officer of BlueHippo Funding, LLC, and Blue-Hippo Capital LLC, Maryland and Virginia limited liability companies, respectively (jointly BlueHippo), appeals an order denying his motion to dismiss for lack of personal jurisdiction. The Attorney General, on behalf of the State, filed suit against BlueHippo and Rensin, alleging that these defendants violated Florida’s Deceptive and Unfair Trade Practices Act, section 501.201,
 
 et. seq.,
 
 Florida Statutes (2007), (FDUTPA) and Florida’s Retail Installment Sales Act, section 520.30,
 
 et. seq.,
 
 Florida Statutes (2007), in connection with the sale of computers and other electronic goods to Florida customers. Rensin’s affidavit filed in support of his motion to dismiss established that he, personally, had no Florida contacts and was not a primary participant in any intentional tor-tious contacts expressly aimed at Florida. The countervailing documents submitted by the Attorney General did not establish a basis upon which jurisdiction could be obtained.
 
 See Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989). Accordingly, we reverse and remand for further proceedings.
 

 In
 
 Venetian Salami,
 
 the Supreme Court adopted a:
 

 two-step inquiry for determining long-arm jurisdiction over a nonresident defendant. A court first must determine whether the complaint alleges sufficient jurisdictional facts to bring the acquisition within the ambit of our long-arm statute. A court then must determine whether sufficient minimum contacts exist between our forum state and the defendant to satisfy the Fourteenth Amendment’s due process requirements-in short, whether a nonresident defendant should reasonably anticipate being haled into court in Florida.
 

 Doe v. Thompson,
 
 620 So.2d 1004, 1005 (Fla.1993) (citations and quotations omitted). At the first step, where a defendant seeks to contest the allegations of the complaint relating to personal jurisdiction, the defendant must file an affidavit in support of his or her position. If the defendant refutes the allegations supporting jurisdiction, the burden shifts to the plaintiff to establish by counter-affidavit the basis for personal jurisdiction. If the relevant jurisdictional facts are in conflict, the trial court should hold a limited evidentiary hearing on the issue of jurisdiction.
 
 Venetian Salami,
 
 554 So.2d at 502-03;
 
 Doe,
 
 620 So.2d at 1005. Here, the dispositive issue involves an analysis under step one of the
 
 Venetian Salami
 
 inquiry.
 

 The question before us is whether the corporate shield doctrine protects Rensin under the facts here. Florida adopted the corporate shield doctrine in
 
 Doe,
 
 620 So.2d at 1006. Under that doctrine, “acts of [a] corporate employee performed in [his] corporate capacity do not form the basis for jurisdiction over [the] corporate employee in his individual capacity.”
 
 Id.
 
 (citing
 
 Estabrook v. Wetmore,
 
 129 N.H. 520, 529 A.2d 956 (1987)).
 
 [1]
 
 The Supreme Court adopted the rationale of the
 
 Estabroolc
 
 court which reasoned that “it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employ
 
 *575
 
 er.”
 
 Estabrook,
 
 529 A.2d at 959. In
 
 Doe,
 
 the Supreme Court explained that a nonresident corporate officer is subject to personal jurisdiction if the officer directed “fraud or other intentional misconduct” at parties in the State of Florida.
 
 Doe,
 
 620 So.2d at 1006, n. 1.
 

 Florida courts have further developed the fraud and intentional misconduct exception to the corporate shield doctrine so succinctly stated in the
 
 Doe
 
 footnote. In
 
 Allerton v. State, Department of Insurance,
 
 635 So.2d 36 (Fla. 1st DCA 1994), we held that the corporate shield doctrine did not apply to a nonresident investment ad-visor who actively and personally orchestrated various financial schemes, including a “phantom year end sale” of high-risk junk bonds, on behalf of a Florida insurance company. Citing
 
 Calder v. Jones,
 
 465 U.S. 783, 791, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), where the Court sustained the exercise of jurisdiction “because of the defendants’ intentional conduct calculated to cause injury to a plaintiff in the forum state,” this court explained that the corporate shield doctrine was unavailing when invoked against “intentional torts ... aimed at ... a Florida insurance company.”
 
 Allerton,
 
 635 So.2d at 39.
 

 Similarly, in
 
 Byron v. Marine Carriers (USA), Inc.,
 
 668 So.2d 273 (Fla. 1st DCA 1996), we held that the out-of-state president of an out-of-state corporation was subject to personal jurisdiction for defamatory statements made by telephone about the plaintiff to a Florida resident. The corporate shield doctrine did not protect the defendant from the consequences of specific conduct constituting an intentional tort directed at a Florida resident.
 
 Id.
 
 at 274. Likewise, in
 
 Koch v. Kimball,
 
 710 So.2d 5 (Fla. 2d DCA 1998), a Florida resident alleged that a nonresident salesperson illegally recorded their telephone conversation. The court held that the corporate shield doctrine did not apply, because the defendant committed an intentional tort “calculated to cause injury to appellee here in Florida.”
 
 Id.
 
 at 7.
 

 In
 
 State, Office of Attorney General, Department of Legal Affairs v. Wyndham International, Inc.,
 
 869 So.2d 592 (Fla. 1st DCA 2004), this court held that the “corporate shield” doctrine insulated the chief operating officer and regional director, both of whom were nonresidents, from a suit alleging violations of FDUTPA based upon the implementation of an energy surcharge that was placed on the bills of Wyndham hotel guests.
 
 Id.
 
 at 599. The court ruled, however, that Florida did have personal jurisdiction over the senior vice-president of hotel operations and the hotel’s vice-president of engineering because they were the “primary participants” in an alleged deceptive and unfair trade practice intentionally directed at Florida residents. Evidence that these officers were “primary participants” in the scheme was established by the substance of emails from the corporate officers to employees of Florida Wyndham hotels.
 
 Id.
 
 at 595-96, 599;
 
 [2]
 

 see also Wendt v. Horowitz,
 
 822 So.2d 1252, 1260 (Fla.2002) (“telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction under section 48.193(b) ... ”).
 

 In each of these cases where jurisdiction was found, the plaintiff produced evidence
 
 *576
 
 of the specific conduct on the part of the corporate officer that constituted a fraud or an intentional tort. In each case, the nonresident corporate officer personally and intentionally engaged in the tortious conduct and the specific conduct of the nonresident corporate officer was calculated to inflict a direct injury upon a resident of Florida.
 

 Here, to establish jurisdiction, the complaint alleges that Rensin falsely advertised products in Florida, solicited business in Florida, and breached contracts with Florida residents. Rensin’s affidavit squarely denies these allegations. It attests that Rensin did not write or develop the advertisements used by the BlueHippo companies in Florida, has never transacted or solicited business in Florida, and has never entered into a business transaction or contract in Florida. Further, Rensin’s affidavit denies that he “knowingly authorized or implemented the acts or practices” the complaint specifically alleges as violations of Florida law by Rensin.
 

 Under
 
 Venetian Salami,
 
 Rensin’s affidavit shifted the burden to the Attorney General to show by counter-affidavit that Rensin personally targeted intentional, wrongful acts at the State of Florida. The Attorney General did not submit a counter-affidavit, however. As proof of the complaint’s jurisdictional allegations, the Attorney General filed a response with three attachments from proceedings against BlueHippo and Rensin in other jurisdictions. None of these documents mentions Florida or provides evidence that Rensin was a primary participant in fraudulent or intentional misconduct aimed at Florida. Because the documents submitted by the appellee do not establish a basis for personal jurisdiction over Rensin under the first step of the
 
 Venetian Salami
 
 inquiry, we reverse and remand for further proceedings consistent with this opinion. Because of our holding, it is unnecessary to address step two of the
 
 Venetian Salami
 
 inquiry.
 

 REVERSED and REMANDED.
 

 ALLEN and PADOVANO, JJ., concur.
 

 On Motion for Clarification
 

 VAN NORTWICK, J.
 

 Joseph Rensin has filed a Motion for Clarification advising the court that, upon remand, the Attorney General, appel-lee here, has expressed an intent to seek an evidentiary hearing when Rensin renews his request for dismissal. The Attorney General responds that, since this court did not direct the trial court to enter an order granting Rensin’s motion to dismiss for lack of personal jurisdiction, an eviden-tiary hearing would be appropriate.
 

 The directive of the Florida Supreme Court in
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 503 (Fla.1989), is clear that a limited evidentiary hearing is warranted if the plaintiff, in this case the Attorney General, has submitted an affidavit which sufficiently contests the facts submitted by the defendant, in this case Rensin, and the trial court cannot reconcile the parties’ affidavits. “If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant’s affidavit and to prove jurisdiction, the defendant’s motion to dismiss must be granted.”
 
 Hilltopper Holding Corp. v. Estate of Cutchin,
 
 955 So.2d 598, 602 (Fla. 2d DCA 2007).
 

 Below, as we discussed in our opinion, the Attorney General did not submit sworn proof that refuted the facts set forth in Rensin’s affidavit in support of his motion to dismiss. Further, again as we discussed in our opinion, even if the documents had constituted sworn proof, the facts in the documents submitted by the Attorney General did not establish a basis
 
 *577
 
 for personal jurisdiction over Rensin under the first step of the
 
 Venetian Salami
 
 analysis. As a result, there is no basis here for an evidentiary hearing under
 
 Venetian Salami
 

 Accordingly, upon remand the trial court shall enter an order granting Rensin’s motion to dismiss and dismissing this action as to Rensin for lack of personal jurisdiction.
 

 ALLEN and PADOVANO, JJ., CONCUR.
 

 [1]
 

 . The corporate shield doctrine applies to a nonresident who acts in a representative capacity on behalf of a limited liability company such as the BlueHippo entities.
 
 Stomar, Inc. v. Lucky Seven Riverboat Co., L.L.C.,
 
 821 So.2d 1183, 1187 (Fla. 4th DCA 2002).
 

 [2]
 

 . The jurisdictional standard adopted in
 
 Wyndham
 
 is consistent with substantive law requirements for stating a cause of action under FDUTPA against a corporate officer individually. 'Tilt has long been the law in Florida that in order to proceed against an individual using a FDUTPA violation theory an aggrieved party must allege that the individual was a direct participant in the improper dealings.”
 
 KC Leisure, Inc. v. Haber,
 
 972 So.2d 1069, 1074 (Fla. 5th DCA 2008).