EVANDER, J.
Brian France filed a three-count amended complaint against his former wife, Megan France, based on her alleged illegal recording of telephone calls between the parties. Specifically, Mr. France alleged that he was in Florida at the time of the telephone calls and that the recording of the calls took place without his consent, in violation of Florida’s Security of Communications Act. See § 934.03, Fla. Stat. (2009). Ms. France moved to dismiss the amended complaint on the grounds that she was not subject to personal jurisdiction in Florida because the alleged recorded telephone calls occurred while she was in North Carolina, her place of residence. Unlike Florida, North Carolina does not prohibit a party to a telephone call from surreptitiously recording that call. In granting the motion to dismiss, the trial court found that Mr. France had failed to allege the commission of a tort in Florida.[1]
*862 The standard of review of a trial court’s determination of personal jurisdiction is de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002). Because we conclude that under existing Florida law, Mr. France sufficiently alleged the commission of a tort within this State, we reverse.
Florida courts apply a two-step test to determine whether long-arm jurisdiction over a nonresident defendant is proper in a given case. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). First, the complaint must allege sufficient jurisdictional facts to bring the nonresident defendant within the ambit of Florida’s long-arm statute. Id. Second, there must be sufficient “minimum contacts” between the nonresident defendant and the State of Florida to satisfy the Fourteenth Amendment due process requirements. Id.
In the instant case, Mr. France alleged that his former wife was subject to Florida’s jurisdiction because she had committed a tort within the State:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
[[Image here]]
(b) Committing a tortious act within this state.
§ 48.193(l)(b), Fla. Stat. (2009). Based on its conclusion that the amended complaint failed to allege the commission of a tort in Florida, the trial court concluded that Mr. France failed to satisfy the first step of the Venetian Salami two-prong test.
The Florida Security of Communications Act makes it a crime to intentionally intercept[2] a person’s electronic communications, including a telephone call, without prior consent of all parties to the communication, and permits a private cause of action providing for a minimum of $1,000 in liquidated damages for an interception in violation of the Act. See §§ 934.03, .10, Fla. Stat. (2009). On at least two occasions, the Second District Court of Appeal has wrestled with the issue of whether, for jurisdictional purposes, the “interception” occurs in Florida where the plaintiff is in Florida but the “recording party” is in another state.
In Koch v. Kimball, 710 So.2d 5 (Fla. 2d DCA 1998), the proceedings arose out of the defendant’s unconsented-to tape recording of a telephone call that she placed from her home in Georgia to the plaintiff, who was at his residence in Tampa, Florida. In affirming the trial court’s denial of the defendant’s motion to dismiss, our sister court concluded that the actual “interception” occurred where the plaintiffs statement was made (Florida), not where the communication was ultimately heard (Georgia). The Koch court went on to determine that not only had the plaintiff alleged sufficient jurisdictional facts to bring the action within Florida’s long-arm statute, but that sufficient minimum contacts existed between the defendant and Florida so as to satisfy any due process concerns.
Having found sufficient jurisdictional facts to bring the action within the long *863 arm statute, we turn to whether there were sufficient minimum contacts to satisfy due process. The question is whether [defendant] “should reasonably have anticipated being haled into court” in Florida.... Since [plaintiff] alleged that [defendant] committed the intentional tort of violation of the Florida Security of Communications Act by expressly calling Florida with the knowledge that the only impact of her action would be in Florida, we conclude that [defendant’s] actions were not the random, fortuitous or attenuated actions that courts seek to avoid pinning jurisdiction upon.
Koch, 710 So.2d at 7 (citations omitted).
Ten years later, sitting en banc, the Second District Court of Appeal expressly receded from Neely Kountze v. Kountze, 996 So.2d 246 (Fla. 2d DCA 2008). In its unanimous decision, the Kountze court determined that a Florida statute creating a private cause of action for the nonconsen-sual interception of a communication originating within Florida cannot transform a defendant’s out-of-state act of recording that communication, standing alone, into a tortious act within Florida for jurisdictional purposes. In reaching its conclusion, the Kountze court acknowledged that it was influenced by the fact that the act was neither illegal in the state where the defendant “actually committed it,” nor under the federal law applicable to interstate telephone calls. Id. at 252.
The Kountze court further warned that the ramifications of the opposite holding should not be overlooked:
If the legislature could create a statutory cause of action that deemed an action in another state to have occurred in Florida, and then use that deemed action as the basis to find tortious conduct in Florida justifying jurisdiction over the defendant, then section 48.193(l)(b) would permit practically any regulated act committed anywhere in the world affecting a person in Florida to subject the actor to the jurisdiction of the courts of Florida even if that person had no other contacts with the state.
Id. at 252-53. The Kountze court suggested that such a broad application would raise serious constitutional concerns.
Like the Kountze court, we are troubled by the ramifications of holding that a nonresident defendant subjects himself or herself to Florida’s jurisdiction solely by surreptitiously recording a telephone call with an individual in Florida, particularly where the defendant’s actual mechanical act of “turning on the recording equipment” occurs in a state where such act is legal.
Indeed, the United States Supreme Court has held that “[a] State cannot punish a defendant for conduct that may have been lawful where it occurred.” State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 421, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (citing BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 572, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)). In Campbell, the plaintiffs brought an action against State Farm for bad faith, fraud, and intentional infliction of emotional distress, heavily relying on State Farm’s handling of similar claims nationwide. The jury awarded the plaintiffs $2.6 million in compensatory damages and $145 million in punitive damages, which the trial court reduced to $1 million and $25 million, respectively. On appeal, the Utah Supreme Court reinstated the $145 million punitive damages award. In reversing the Utah Supreme Court’s decision to reinstate the jury’s $145 million punitive damages award, the United States Supreme Court stated, inter alia, that a jury must be instructed that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred. Campbell, 538 U.S. at 422, 123 S.Ct. 1513.
*864 In providing a private cause of action, section 934.10 would appear to - be punitive in nature. The statute does not require proof of actual damages and expressly authorizes the award of punitive damages. Furthermore, as observed by the Kountze court, for Ms. France to have committed an act that allowed for a civil remedy under section 934.10, it would seem to be necessary that her conduct in North Carolina constituted a criminal violation of section 934.03 in Florida. See Kountze, 996 So.2d at 251 n. 2. We question whether Ms. France’s conduct would subject her to criminal prosecution in this state.
Notwithstanding our aforestated concerns, we feel compelled to reverse the trial court’s dismissal order based on the Florida Supreme Court’s, express approval of Koch in Acquadro v. Bergeron, 851 So.2d 665, 671 n. 11 (Fla.2003). In Acqua-dro, our supreme court held, inter alia, that alleged statements made by telephone into this state by a nonresident defendant, which allegedly resulted in plaintiffs false arrest and malicious prosecution, were sufficient to establish personal jurisdiction over the defendant. Significantly, the Ac-quadro court apparently found Koch to have been correctly decided:
Similarly, the Second District in Koch considered whether a tape-recorded telephone call between a nonresident defendant and a Florida resident plaintiff could serve as the basis for personal jurisdiction under section 48.193(l)(b). The Second District held that the tor-tious act occurred in Florida because the interception occurred where the communication was uttered, and thus the nonresident defendant was subject to personal jurisdiction under section 48.193(l)(b). Thus, we approve the Second District’s decision in Koch because like Wendt, the decision held that a telephonic communication into Florida can constitute a tortious act under section 48.193(l)(b).
851 So.2d at 671 n. 11 (emphasis added) (citations omitted). Based on this language, we conclude that the trial court erred in granting the former wife’s motion to dismiss for lack of personal jurisdiction. We certify direct conflict with Kountze.[3]
REVERSED and REMANDED; CONFLICT CERTIFIED.
LAWSON and COHEN, JJ., concur.

. Count I of the amended complaint was for violation of the Florida Security of Communications Act; Count II was for invasion of privacy; and Count III was for public disclosure of private facts. We agree with the trial court that if Count I fails to allege sufficient facts to permit Florida courts to exercise per *862 sonal jurisdiction over Ms. France, then Counts II and III similarly fail.

. "Intercept” is defined to mean the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device. § 934.02(3), Fla. Stat. (2009).

. Like Koch, the Kountze case was referenced in a subsequent Florida Supreme Court case. See Internet Solutions Corp. v. Marshall, 39 So.3d 1201, 1209 (Fla.2010). However, in its discussion of Kountze, the court neither approved nor disapproved the Kountze decision.
There is language in Wendt that we believe is supportive of Ms. France's position. There, the Florida Supreme Court stated that a nonresident defendant can commit a tortious act in Florida under section 48.193(l)(b) through his or her telephonic, electronic or written communications into the state. 822 So.2d at 1260. However, the court cautioned that "the cause of action must arise from the communications." Id. We would respectfully suggest that in the instant case, Mr. France's alleged cause of action arises from the act of recording communications, not the communications themselves.