DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID W. RACE,**
Appellant,

v.

**WILLIAM J. MITCHELL,**
Appellee.

No. 4D22-1979

[March 8, 2023]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 0602021CA007130AXXXCE.

James S. Toscano and Rebecca E. Rhoden of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellant.

James A. Stepan of Law Offices of James A. Stepan, P.A., Hollywood, for appellee.

GROSS, J.

Defendant David Race appeals the nonfinal order denying his motion to dismiss for lack of personal jurisdiction. We reverse, concluding that Defendant lacks sufficient minimum contacts with Florida to require him to defend a lawsuit in this state.

### *Background*

Plaintiff William "Billy" Mitchell sued Defendant in Florida for alleged violations of the Florida Security of Communications Act (the Act), Chapter 934, Florida Statutes (often referred to as the "wiretap statute").

Using a smartphone application that automatically recorded all of his calls, Defendant, while in Ohio, recorded 27 phone calls with Plaintiff in Florida, including seven calls Defendant made from Ohio to Plaintiff in Florida. Defendant neither disclosed that he was recording nor obtained Plaintiff's consent to record any of the calls.

Defendant initiated the series of conversations from Ohio by calling Plaintiff in Florida to discuss Plaintiff's disputed video game world records. Defendant communicated with Plaintiff and others in Florida during a year-and-a-half long "investigation" that Defendant conducted of the records. Defendant eventually accused Plaintiff of cheating and disclosed one of the recorded calls to Twin Galaxies, an entity that administers video game records. Defendant also referred to the call in Internet postings and voluntarily filed a transcript of the call in a defamation case that Plaintiff has brought against Twin Galaxies in California.

Plaintiff sued Defendant in Florida under section 934.10, Florida Statutes (2019), which creates a civil remedy for violations of the Act, including unlawfully recording phone calls without the consent of all parties. *See* § 934.10(1), Fla. Stat. (2019) ("Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of ss. 934.03-934.09 shall have a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications . . . ."); § 934.03(2)(d), Fla. Stat. (2019) (allowing "a person to intercept a wire, oral, or electronic communication *when all of the parties to the communication have given prior consent to such interception*") (emphasis added).

Defendant moved to dismiss for lack of personal jurisdiction under Florida's long-arm jurisdiction statute, arguing that he did not commit a tort in Florida because he recorded the calls from Ohio, where consent of all parties was not required. *See* § 48.193(1)(a)2., Fla. Stat. (2019) (providing for long arm jurisdiction over a non-resident that "commit[s] a tortious act within [Florida]").

Defendant also argued that he lacked minimum contacts with Florida and that subjecting him to suit in Florida violated due process.

The trial court denied the motion and concluded that Plaintiff has sufficiently alleged that Defendant committed tortious acts in Florida because the interception of Plaintiff's words—the conduct prohibited by the Act—occurred in Florida. *See State v. Mozo*, 655 So. 2d 1115, 1117 (Fla. 1995) ("The actual 'interception' of a communication occurs not where such is ultimately heard or recorded but where the communication originates."). Defendant timely appeals.

### *Discussion*

Defendant lacks sufficient minimum contacts with Florida to satisfy due process. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989).

Without contradiction, Defendant alleged that he owns no property and does no business in Florida. He has visited just twice in the last decade and has no other ties to Florida.

It is significant that the conduct that offends the Florida Plaintiff—the recording of phone calls without his consent—is not illegal in Ohio, where the calls were recorded. The recording of the calls is not *malum in se*, a wrong or evil in itself that is prohibited everywhere.[1] Nor is the act of recording a conversation akin to a tort like slander or libel, which is recognized as tortious conduct in every state. While a defamation action deters falsehoods, an unaltered, audible recording conveys with precision what was said.

The Fifth District recognized in *France v. France*, 90 So. 3d 860, 863 (Fla. 5th DCA 2012), that "the United States Supreme Court has held that '[a] State cannot punish a defendant for conduct that may have been lawful where it occurred.'" *Id.* (quoting *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 421 (2003)).

"[T]o subject a defendant to an in personam judgment when he is not present within the territory of the forum, due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Parthenais*, 554 So. 2d at 500 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Where a defendant legally records a phone conversation in his home state, and has no other significant contacts with Florida, it offends traditional notions of fair play and substantial justice to require him to appear in Florida to defend against a lawsuit for an alleged violation of the Florida Security of Communications Act.

---

[1] Florida is one of just 11 states that requires all-party consent. Rauvin Johl, *Reassessing Wiretap and Eavesdropping Statutes: Making One-Party Consent the Default*, 12 Harv. L. & Pol'y Rev. 177, 180 & n.27 (2018).

Although Defendant knew he was calling into Florida, we note that cell phones have largely displaced land lines and a call to a number in a specific area code does not necessarily mean that the call was received within the geographical limits of the area code. Personal jurisdiction should not entirely turn on a cell phone's location in Florida when a conversation is legally recorded by a cell phone under the law of the state where the voice communication is received.

The Fifth District faced a similar issue of personal jurisdiction in *France* but held that Florida had jurisdiction over a defendant who surreptitiously recorded telephone calls with a Florida plaintiff in a jurisdiction that allowed such a recording. 90 So. 3d at 863–64. *France* certified conflict in the case law that has never been resolved.

The conflict originates from two Second District cases. In *Koch v. Kimball*, 710 So. 2d 5, 6 (Fla. 2d DCA 1998), a Georgia defendant recorded a telephone call with a Florida plaintiff. The Second District held that long arm jurisdiction was proper in Florida. *Id.* at 7–8.

Years later, in a footnote, the Florida Supreme Court approved of *Koch* because "the decision held that a telephonic communication into Florida can constitute a tortious act under section 48.193(1)(b), [Fla. Stat. (1999)]." *Acquadro v. Bergeron*, 851 So. 2d 665, 670 n.11 (Fla. 2003).

After *Acquadro* was decided, the Second District, in an en banc decision, unanimously receded from *Koch*. The court held that

> a Florida statute that creates a private cause of action for the nonconsensual interception of a communication originating within Florida cannot transform a defendant's out-of-state act of recording that communication, standing alone, into a "tortious act within this state" for jurisdictional purposes.

*Kountze v. Kountze*, 996 So. 2d 246, 248 (Fla. 2d DCA 2008).

The Fifth District in *France* concluded that the Second District's holding in *Koch*—from which it has receded—controlled because the Florida Supreme Court approved it in footnote 11 of *Acquadro*, quoted above. The Fifth District certified conflict with *Kountze*.

Unlike the Fifth District in *France*, we do not believe that footnote 11 in *Acquadro* controls our decision in this case. The footnote does not address the issue of minimum contacts under *International Shoe* but focuses on the different proposition that "a telephonic communication into Florida

can constitute a tortious act under section 48.193(1)(b)." *Acquadro,* 851 So. 2d at 670 n.11.

We certify an express and direct conflict with *France.*

We therefore reverse and remand to the circuit court with directions to enter an order dismissing the case for lack of personal jurisdiction.

*Reversed; conflict certified.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***